IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-1080-MEF |
| | ) | |
| MICHAEL F. BURKHARDT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 12, 2012, Plaintiff Alvin Thomas ("Plaintiff" or "Thomas") filed a *pro se* complaint in this action, naming Michael F. Burkhardt ("Burkhardt") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, the "Defendants) as defendants.  (Doc. #1.)  Plaintiff seeks $99,172.77 in damages as payment for work he performed in connection with a federal project that the general contractor, Thorington Electrical and Construction Company ("Thorington"), allegedly never paid him.  Other than naming Burkhardt a defendant in the style of the case, Plaintiff's complaint contains no substantive allegations against Burkhardt.  Rather, it appears that Plaintiff's claims are against Travelers for an alleged breach of their duty under a performance bond it provided to Thorington.

Now pending before the Court are two motions to dismiss.  (Docs. #15, 26.)  The first motion to dismiss was filed on July 1, 2013, by Travelers on behalf of Burkhardt.  (Doc. #15.)  That motion seeks dismissal of Plaintiff's claims against Burkhardt for want of

prosecution under Rule 4(m) of the Federal Rules of Civil Procedure, which permits dismissal of an action if a defendant is not served within 120 days after a complaint is filed. *See* Fed. R. Civ. P. 4(m).  The second motion to dismiss was filed on August 6, 2013, by Burkhardt.  (Doc. #26.)  In that motion, Burkhardt challenges both the sufficiency of service of process on him and the sufficiency of the claims against him under Rules 4 and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.

From a review of the record, it appears the Burkhardt serves as claims counsel for Travelers and was involved with the administration of claims Plaintiff made against the performance bond that Travelers issued to Thorington.  (Doc. #15, Ex. 1.)[1]  When Plaintiff filed his complaint in this Court on December 21, 2012, he did not list Burkhardt as a defendant to be served.  (Doc. #2.)  By July 2013, Burkhardt still had not been served, and Travelers moved to dismiss Plaintiff's claims against him for want of prosecution.  (Doc. #15.)  On July 12, 2013, Plaintiff, still acting *pro se*, had the Clerk's office issue a summons to Burkhardt.  (Doc. #18.)  This was the first time Plaintiff attempted to serve Burkhardt. Four days later, George Walthall appeared as counsel for Plaintiff and submitted an opposition to Travelers's motion to dismiss.  (Docs. #19, 20.)  On July 16, 2013, Burkhardt was finally served at his place of employment (presumably, as the address on the return card is the same address provided for Travelers).  Someone other than Burkhardt accepted this

---

[1] The Court may consider affidavits and other evidence supporting a defendant's allegations of insufficient service of process without converting it into a motion for summary judgment. *Carthen v. Baptist S. Med. Center*, 2011 WL 855271, at *1 (M.D. Ala. Mar. 11, 2011) (adopting report and recommendation of the Magistrate Judge, which discussed the standards of review with respect to review of motions to dismiss based on insufficient service of process).

service of process.  (Doc. #23.)

Based on the foregoing, the Court agrees that Plaintiff's complaint against Burkhardt is due to be dismissed.  First, the complaint is due to be dismissed because Plaintiff has yet to serve Burkhardt in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff did not serve Burkhardt by leaving a copy of the summons and complaint at Burkhardt's dwelling or usual place of abode with someone of suitable age and discretion who resides there.  *See* Fed. R. Civ. P. 4(e).  Nor is there any evidence that the individual who accepted service of process for Burkhardt at his place of employment was an agent authorized by appointment or by law to receive service on Burkhardt's behalf.  *See id.* Accordingly, Plaintiff's service of process on Burkhardt was insufficient under Rule 4.

Moreover, even if Plaintiff's service on Burkhardt had been sufficient under the Rules, Plaintiff's complaint against Burkhardt is due to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The complaint contains absolutely no allegations against Burkhardt.  (Doc. #1.)  In fact, his only mention is in the style of the complaint.  (Doc. #1.)  While Plaintiff claims that Burkhardt should remain a party to this action because he is knowledgeable about the surety bond claims related to Thorington (Doc. #29), this does not change the fact that the complaint, which is the pleading that controls this case and sets forth the entirety of the allegations, is completely devoid of any allegations or claims against Burkhardt.  Thus, the Court can only conclude that Plaintiff's complaint fails to meet minimum pleading requirements with respect

to Burkhardt, and, therefore, Plaintiff's complaint against Burkhardt is due to be dismissed.[2]

Accordingly, it is hereby ORDERED as follows:

1.      Traveler's motion to dismiss (Doc. #15) is DENIED as MOOT;

2.      Burkhardt's motion to dismiss (Doc. #26) is GRANTED, and Plaintiff's complaint against Burkhardt is DISMISSED with PREJUDICE.

DONE this the 31st day of January, 2014.

_____
                    /s/ Mark E. Fuller
                    UNITED STATES DISTRICT JUDGE

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.